LULA V. PAYNE, Appellant, v. THE CITY OF NEW YORK, NEW YORK AND QUEENS ELECTRIC LIGHT AND POWER COMPANY, and MANHATTAN AND QUEENS TRACTION CORPORATION, Respondents.— In an action to recover damages for personal injuries alleged to have been caused by a twelve and one-half pound cobblestone's having been projected by the wheel of a passing automobile from the highway into the plaintiff's car, the complaint was dismissed at the close of plaintiff's case, and judgments were entered in favor of all defendants. Judgment in favor of defendant The City of New York unanimously affirmed, with costs. No opinion. Judgment in favor of defendant New York and Queens Electric Light and Power Company unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ. Judgment in favor of defendant Manhattan and Queens Traction Corporation affirmed, with costs. No opinion. Lazansky, P. J., Adel and Taylor, JJ., concur; Johnston and Close, JJ., dissent and vote for reversal and a new trial as to that defendant.

CARMELLA REGGIO, Respondent, v. STATEN ISLAND COACH COMPANY, INC., Appellant.— Order granting plaintiff's motion to set aside a verdict for defendant in a personal injury action reversed on the law, with costs, motion denied, without costs, verdict reinstated, and judgment directed to be entered thereon, with costs. Assuming it was improper for defendant's counsel and expert witness to make the tests or experiments when the jury was inspecting the bus, they were made in the presence of plaintiff's attorney or his associate and plaintiff did not move for a mistrial, nor did she object when the expert testified to the tests he made. On the contrary, plaintiff's counsel cross-examined the expert with reference to the tests. Moreover, the court of its own motion instructed the jury to disregard all the tests except those made by the members of the jury. Under the circumstances disclosed by this record, we believe it was error to set aside the verdict. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

ROSE ROLLER and HOWILO REAL ESTATE CO., INC., Appellants, v. THE CITY OF NEW YORK, Respondent.— Action under article 15 of the Real Property Law, to compel the determination of a claim to real property, the parcel affected being a triangular gore at the southeast corner of Sixteenth avenue and Forty-fourth street, Brooklyn, N. Y. Judgment for the defendant unanimously affirmed, with costs. The plaintiffs did not establish title in themselves. (*Stirnweis* v. *Cacioppo*, 258 N. Y. 68; *Vanderveer Crossings* v. *Rapalje*, 133 App. Div. 203; *D'Anna* v. *City of New York*, 246 id. 753; Real Prop. Law, §§ 500, 501, subd. 1.) Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.